UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | Crim. No. 3-94-133 |
| Plaintiff, | |
| v. | **ORDER** |
| SAMUEL K. WILLIS, | |
| Defendant. | |

---

This matter is before the Court on Defendant's self-styled "Motion Pursuant To Federal Rules Civil Procedure Rule 60(b)(6) To Re-open 28 U.S.C. § 2255 Motion." (Docket No. 201.) Defendant is asking the Court to reconsider and vacate an order entered on October 8, 1997, (Docket No. 151), which denied his motion for relief under 28 U.S.C. § 2255. He claims that his § 2255 motion should be revisited, because the Court failed to address one of the grounds for relief listed in that motion – namely a "confrontation clause claim," which was listed as Ground One in the original § 2255 motion papers.

Defendant's current Rule 60(b) motion will be denied, because the Court did, in fact, address his confrontation clause claim in the 1997 order denying his § 2255 motion. In that order, the Court acknowledged Defendant's confrontation clause claim, but also pointed out that this claim, (along with several others), had been procedurally defaulted, because Defendant failed to raise it on direct appeal. The Court then considered whether Defendant's procedural default could be excused, based on ineffective assistance of counsel. The Court found that Defendant had "failed to demonstrate that he received ineffective assistance of counsel at trial, sentencing, or on appeal." (Order dated October 8, 1997, [Docket No. 151], at p. 6.) Therefore, the Court concluded, "not only is Willis not entitled to relief on the merits of this claim, [i.e., the ineffective assistance of counsel claim], but his

other claims, as explained below, are procedurally barred by his failure to raise them on his direct appeal." (Id., [emphasis added].)  At the end of that order, the Court reiterated that "Willis has waived his claims of error by not raising them on direct appeal, and has not met the 'cause and prejudice' requirement which would allow this Court to consider the merits of these procedurally defaulted claims." (Id. at p. 8.)

Thus, Defendant's contention that the Court failed to address his confrontation clause claim is simply wrong.  The Court found that claim, (and others), to be procedurally defaulted.  Because the Court did not previously overlook Defendant's confrontation clause claim, and that claim was clearly and properly denied on the grounds of procedural default, Defendant's current request for a ruling on that claim, (in fact, a second ruling on that claim), will be denied.

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

Defendant's "Motion Pursuant To Federal Rules Civil Procedure Rule 60(b)(6) To Re-open 28 U.S.C. § 2255 Motion," (Docket No. 201), is DENIED.

Dated: February 17, 2006

   s/ Richard H. Kyle
RICHARD H. KYLE
United States District Court Judge

2